## *SCHOOL DISTRICT NO. 8 IN SUNAPEE *v.* PERKINS.

Petitions for the writ of *mandamus*, like other process, authorized by our statute law, are amendable as well as the answers thereto, at the discretion of the court.

Such writs will issue, only where the law has not already established an adequate specific remedy.

An *extent* in nature of an execution may issue against a collector of taxes, who fails to collect and pay over a legal tax committed to him within the the time prescribed by his warrant and bond.

Or an action at law may be instituted on the bond of the delinquent collector.

The law does not contemplate, that *school districts* or their agents, could directly commence legal preceedings against delinquent collectors : such power having been conferred upon the higher officers of the town.

This petition for this writ is therefore denied.

In petitions of this nature costs go to prevailing parties.

THIS was a petition for the writ of *mandamus* addressed to

---

*This cause is said to have been decided at the March adjourned term, Merrimack county, 1870.

                                                    REPORTER.

the court, against Edward R. Perkins, as collector of taxes, in the town of Sunapee, for the year 1867.   The petition of the relator sets out and complains against said Perkins, "that on the 29th day of August, A. D. 1867, there was a vacancy in the office of collector of taxes for said town of Sunapee, to fill which said vacancy, the said Perkins was on the same 29th day of August by the selectmen of Sunapee, appointed to said office of collector of taxes, for the remainder of said year, and that he then and there accepted said office, in that, at a legal meeting of the qualified voters of said school district, duly and legally notified and warned, holden on the 27th day of July A. D. 1867, and by adjournment, on the 3d day of August of the same year, pursuant to an article, duly inserted in the warrant, by which said meeting was called, it was "voted to build a new school-house, and to raise the sum of $500 by taxation therefor;" and afterwards, viz.: On the same 3d day of August, the said vote was duly certified to the selectmen of said town of Sunapee by Moses L. Sargent, clerk of said district; that thereupon said selectmen, on the tenth day of September, A. D. 1867, in due and legal manner assessed a tax for said sum of $500, with $20.40 in addition thereto; said last mentioned sum being less than five per cent. upon said sum of $500, upon all such of the inhabitants of said district, and others, as then and there were liable by law to be taxed therefor and afterwards, to wit: On the same 10th day of September, at said Sunapee, delivered a list of said taxes, with a warrant for their collection in due form of law by them duly signed and certified to said Perkins, collector of taxes, as aforesaid; and said Perkins, then and there received the same; said warrant being duly sealed with the seal of the said selectmen, and has kept the said list and warrant in his possession, from that time hitherto.   Yet the said Perkins, though often thereto requested by the said school district, has during all the time aforesaid neglected and refused, and still neglects and refuses to collect said tax, or any part thereof.   That pursuant to the vote of said school district as aforesaid, said district has built a school-house for its accommodation upon a location within the limits of said district, duly and legally established at an expense greater than the amount of said tax, and for which said district is now indebted.   Wherefore, it prays that the said Perkins, collector of taxes as aforesaid, may be ordered and commanded by this court to collect said tax so committed to him as aforesaid, and take the legal and necessary steps therefor, and when collected to pay the same over to the selectmen of said Sunapee, and that a writ of *mandamus* may be issued by said court, directed to him for that purpose, and for such other relief as may be just.

SCHOOL DISTRICT NO. 8 IN SUNAPEE,
*By its attorney,* A. S. WAIT."

The petition was sworn to on the 30th of April, 1868, by Hiram Sargent, a committee appointed to prosecute the same, and was duly filed with the clerk of this court for Sullivan county, on the first day

of May, 1868, and an order of notice issued thereon, which was duly served on the said Perkins. At the subsequent law term in this district the said petitionee appeared by attorneys and moved to dismiss and quash this petition, urging the existence of certain defects, apparent on the face of the process, as reasons for such motions. These preliminary questions were argued by the respective counsel in the case; and the court, among other things, settled that this process was amendable. Whereupon the petitioner did amend by inserting the following amendment: "And your petitioners further complaining, "represent, that they have no other remedy at law, "than the writ of *mandamus*." The petitionee made sundry distinct and formal statements as an answer to the matters alleged against him, most of which involved issues of fact. We consider at this time, the denial to the averment contained in the said amendment. The parties subsequently took evidence in the case, and the counsel for Perkins asked that this evidence might be submitted to a jury for their verdict, unless the court should become satisfied, from the examination of the petition and the said matter in proof, which is not open to contradiction, that this process could not be sustained in point of law.

Elaborate briefs upon the several points of law involved in the case, were furnished by Messrs. Barton & Wait, for the petitioners.

*Burke*, for the petitionee.

NESMITH, J.—Our authority to issue the writ, as demanded by the petitioners, is defined by statute law, Gen. Stats. chap. 189, § 1. "The supreme court has power to issue *writs of mandamus* &c., for the furtherance of justice, and the due administration of the laws."

The authorities say, that this writ ought to be granted upon all occasions, when the law has established no specific remedy already, and when in justice, and good government there ought to be one. *Rex* v. *Barber*, 3 Burrow 1267 ; *Hall* v. *The Selectmen of Somersworth*, 39 N. H. 517. As a general rule, courts of law will not exercise the extraordinary power of issuing the *writ of mandamus* to effect purposes, which may be as well obtained by the ordinary legal remedies. Accordingly, to obtain relief by this process, the applicant must not only show a specific legal right, but there must not be any other remedy adequate to enforce that right. Ang. & Ames on Corp. 444 and note. The right to demand this writ must be complete in the applicant, and there of course should be a corresponding obligation on the defendant to submit to it.

It may be admitted under the proofs furnished in this case, that there was a school district in Sunapee, well known as District No. 8, and that in 1867, for a time the said Perkins was then the acting town collector of taxes, under his appointment from the selectmen of Sunapee, and that the selectmen for that year did commit to the defendant, as collecter of taxes the lists of taxes, as alleged in the complainant's petition, and that the collector for some reason failed to collect a certain portion of the taxes, known as the school-house

tax, embraced in his list as committed to him, and in which the petitioner had a direct pecuniary interest. It may be also assumed, that there was a legal board of selectmen chosen, and a town treasurer legally appointed in Sunapee for the year 1867, and that said defendant as collector of taxes was instructed by his warrant to collect and pay over the said school-house tax to the town treasurer, on or before January 1, 1868, and had given his bond as required by law to discharge such duty.

Under such circumstances, admitting a delinquency to have occurred on the part of the collector of taxes, what is the appropriate remedy therefor, as indicated by our statute law?

We have one important remedy prescribed in section four of chap. 59 Gen. Stat. "Any collector, to whom a tax is committed, who neglects to pay the same to the state, county, or *town treasurer*, or to the selectmen, or other person, to whom the same is payable, within the time limited in his warrant, which shall not be less than three months from the delivery of such warrant, except in cases, where a shorter time is limited by law, shall be liable to an *extent.*" Section one, of the same chap. gives the meaning of this word *extent.* It practically provides, that the state treasurer, and each *county* and *town treasurer* may issue *extents* under their hand and seals respectively in cases authorized by law; and such *extents* shall be deemed to be executions against the persons and property therein named. Other sections of this law provide how personal property and real estate levied upon shall be disposed of, and that more than one execution may issue in cases of necessity. Section 14th of the same chapter provides another additional remedy, "towns shall have their remedy by *action* against any selectman, or collector, through whose default, any extent may have issued for all sums levied thereon, and for damages and double costs.

It will be seen, that when the town collector is delinquent and fails to collect and pay over the money entrusted to him, to the town treasurer, or selectman, then he becomes legally liable to the extent, or action at law, as prescribed in the aforesaid chapter of our statute law. Each town acts through and by their legally constituted financial agents. Such agents are presumed to be ready at all times to perform their appropriate duties. Our school districts also act through and by their committees, or prudential agents, selected as the law requires.

The agent of the school district does not obtain the money directly from the town collector, which is apportioned to his school district, but he applies to the regular disbursing officer of the town, who is ordinarily the town treasurer, or to the selectmen acting as such, and receives from them or some one of them the money belonging to his district.

The town officer takes for his security the appropriate voucher for the money paid over to the agent of the district. The accountability or responsibility of these officers is made certain by the language of sec. 9 of ch. 220 Gen. Stat. This section prescribes who shall

issue extents, when the collector fails to pay over his taxes. It says : " That if the collector, to whom any warrant for the collection of taxes is committed, neglects to collect, and pay over the same to the selectmen, within thirty days after receiving the same, the selectmen may issue an *extent* against him."

Our statute no where confers the power upon the collector to pay over any money, which he collects under his warrant, to the agents of school districts. When the statute law has so obviously and clearly indicated the remedies for the defaults of collectors of taxes, making them responsible and accountable in all cases to the town authorities, by whom they are often created, and for whom they act, we think it cannot be implied, that they are at the same time in any sense required to pay these taxes directly to the school districts. Payment must be made to the higher town authorities, in the first instance, and the collector of taxes can seek protection in no other way. The statute law appears to be clear and definite.

Generally, the collector's warrant contains the written orders, or directions, which are made in strict obedience to the statute law, and when followed, collectors find themselves in the safe channel.

It would be quite absurd to suppose, that selectmen, when acting under the law, could order by their warrant, the collector to pay over the money belonging to the school districts, to the agents of such districts, rather than to themselves, or to the town treasurer. Selectmen and town treasurers, as public servants, are called upon to account for the money they assess as taxes upon their fellow-citizens, and they are expected to show good vouchers for all moneys paid over to individuals or school districts. These vouchers are the requisite evidence for them to have and preserve, in order to protect themselves, and to satisfy others that justice has been done, and the public money rightly appropriated.

Impressed with these views, without examining many other facts and arguments suggested by the defendant's answer, some of which are not disputed by the parties, we come to the conclusion that we should not grant the petitioner's request for the writ of *mandamus;* especially, as there are now existing remedies, which, if resorted to by the petitioner, would prove more satisfactory, more prompt and less expensive, than the one sought here, and in our view would be far more consistent with the law of the land on this subject. We are, therefore, of the opinion that this petition should be dismissed, with full costs to the defendant. *Fox* v. *Whitney*, 32 N. H. 408 ; *Ballou* v. *Smith*, 31 N. H. 413 ; *Butler* v. *Selectmen of Pelham*, 19 N. H. 553.